UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LOUGIN et al.

      Plaintiffs

vs.

CITY OF SAINT LOUIS, MISSOURI et al.

      Defendants

Cause No. 4:19CV00301 JCH

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants, City of Saint Louis, Missouri, Freddie Dunlap (in his individual and official capacity), John Doe's 1-4 (in their official capacity), Rick Lauman, (in his official capacity) Shawn Ordway (in his official capacity), Claudia Roe, (in her official capacity), Chris Roth (in his individual and official capacity), and Saint Louis City Board of Equalization (City of St. Louis Assessor President of the BOE in their official capacity), (ECF No. 15), and on the Motion to Dismiss filed by Defendant Grand Center Inc. (ECF No. 18).

## BACKGROUND

Pro Se Plaintiffs Lougin and Russo ("Plaintiffs") bring the instant case alleging twelve counts against the defendants which arise from taxation issues regarding two parcels of land located at 3716 Grandel Square and 3722 Grandel Square. Plaintiffs bring the following claims:

I.     Deprivation of civil rights under the color of state law under the Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. § 1983 against all Defendants.
II.    Conspiracy to deprive civil rights under the Fourteenth Amendment Equal Protection Clause pursuant to 42 U.S.C. §1985 (3).
III.   Conspiracy to deprive civil rights under the Fourteenth Amendment Due Process Clause specifically against Defendant City of St. Louis Board of Equalization, John

        Does 1-4 and Freddie Dunlap, the City of St. Louis Assessor pursuant to 42 U.S.C. §1983.
IV.    Municipal liability against the City of St. Louis for failure to train, failure to discipline, and failure to supervise pursuant to 42 U.S.C. §1983.
V.    Unlawful retaliation in violation of the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. §1983 against St. Louis City.

Plaintiffs bring the additional state law claims against the Defendants:

VI.    Conspiracy to commit fraud under Mo. Rev. Stat. § 526.014 against all Defendants
VII.    Intentional infliction of emotional distress as to all defendants
VIII.    Negligent infliction of emotional distress as to all defendants
IX.    Claims under Mo. Rev. Stat. §353.110(1); §137.115(10); §137.115(11); §137.115(12); §137.010(6); §137.115(2); §610.010-610.026; and §138.060 against Defendants City of St. Louis, Freddie Dunlap, Shawn Ordway, Claudia Roe, Rick Lauman, and Chris Roth.
X.    Fabrication of Evidence pursuant to Mo. Rev. Stat. §575.100 against Mr. Dunlap;
XI.    Concealment of evidence pursuant to Mo. Rev. Stat § 575.100 against the City of St. Louis, Grand Center, Inc., and Mr. Dunlap.

As remedy Plaintiffs request declaratory and injunctive relief, actual and compensatory damages, and punitive damages. (ECF No. 1, 92-93).

      Defendant's[1] bring their motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15). Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims, that Plaintiffs' Complaint violates Fed. R. Civ. P. 8, that the Complaint fails to allege facts sufficient to state a claim to relief that is plausible on its face and that the facts alleged by the Plaintiffs are insufficient to establish a violation of their fourteenth Amendment rights. Defendant also argues that the Plaintiffs' state law claims against the Defendant City are barred by sovereign immunity, that Plaintiffs' official capacity state law claims are barred by sovereign immunity, that Plaintiffs'

---

[1] Defendants include City of St. Louis Missouri, Freddie Dunlap in his individual and official capacity, Saint Louis City Board of Equalization President, and John Does 1-4 in their official capacities, Chris Roth in his individual and official capacity, Rick Lauman in his official capacity, Shawn Ordway in his official capacity, and Claudia Roe, in her official capacity in ECF No. 15; and Defendant Grand Center, Inc., in ECF No. 18.

2

individual capacity state law claims are barred by official immunity, and that the Plaintiffs' Complaint is insufficient to establish a claim of municipal liability.

## DISCUSSION

### I. Subject Matter Jurisdiction of Count I: §1983 Violation of Equal Protection

As a preliminary matter, Defendants argue that this court lacks subject matter jurisdiction over Plaintiff's claims. Upon review of the Complaint it appears that the majority of Plaintiffs' claims arise from the alleged improper tax assessment and categorization of Plaintiffs' properties. Defendants assert that Plaintiffs have improperly petitioned the Court for a permanent injunction to enjoin and restrain St. Louis City from assessing taxes against them and have improperly requested declaratory judgement that the taxation is unconstitutional, pursuant to the Tax Injunction Act, 28 U.S.C. §1341. (ECF No. 16, at 4; ECF No. 1, at 92). The Tax Injunction Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. *See California v. Grace Brethren Church*, 457 U.S. 393, 407-08 (1982)(concluding that in addition to barring federal district courts from issuing injunctions enjoining the collection of state taxes, the Tax Injunction Act also "prohibits a district court from issuing a declaratory judgement holding state tax laws unconstitutional."); *and see Burris v. City of Little Rock*, 941 F.2d 717(8th Cir. 1991). Here, Plaintiffs request injunction and declaratory judgement regarding the tax assessment of their properties by bringing a §1983 claim. The Tax Injunction Act "has been applied specifically to §1983 suits in which the Plaintiff seeks an injunction. *Burris,* 941 F.2d at 718 (citing, *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981)).

3

The issue now is whether the Tax Injunction Act prohibits a suit for damages. In *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, the court addressed a similar issue. In *McNary* the Plaintiffs alleged similar claims to those that the Plaintiffs in this case appear to allege. "[T]hey [the Plaintiffs in McNary] …complain[ed] that the system adopted by the defendants result[ed] in overassessments of their property. The relief sought … actual damages to bring their tax payments into line with those of other taxpayers. In effect, the individual plaintiffs seek a refund of the alleged overpayments." *Assessment in Real Estate Ass'n, Inc. v. McNary*, 478 F.Supp 1231, 1233 (E.D. Mo. 1979). "It has been held that the Tax Injunction Act bars suits for refunds as well as anticipatory relief" *Id.* (citing *Kelley v. Springett,* 527 F.2d 1090 (9th Cir. 1975); *Bland v. McHann,* 463 F.2d 21 (5th Cir. 1972), cert. denied 410 U.S. 966, 93 S. Ct. 1438, 35 L.Ed.2d 700 (1973). In *McNary* the court determined that "[t]o allow such suits would cause disruption of the state's revenue collection systems equal to that caused by anticipatory relief. State tax collection officials could be summoned into federal court to defend their assessments against claims for refunds…merely on the assertion that the tax collected was willfully and maliciously discriminatory against a certain type of property. Allowance of such claims would result in this Court being a source of appellate review of all state property tax classifications." *Id.,* at 1233-34. To allow this result would undermine the purposes of the Tax Injunction Act so long as state law provides a "plain, speedy and efficient remedy." 28 U.S.C. §1341

"A state-court remedy is 'plain, speedy and efficient' only if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax" *Burris*, 941, F.2d at 718 (citing *Grace Brethren*, 457 U.S. at 411). Missouri state law provides for efficient remedy in the Missouri Courts under the procedures provided in Mo. Rev. Stat. §§ 137.385 and 138.430. Mo. Rev. Stat. § 137.385

allows "any person aggrieved by the assessment of his property … [to] appeal to the county board of equalization" and §138.430 allows "[e]very owner of real property or tangible personal property… [to] have the right to appeal from the local boards of equalization to the state tax commission under rules prescribed by the state tax commission… concerning all questions and disputes involving the assessment against such property, the correct valuation to be placed on such property, the method or formula used in determining the valuation of such property, or the assignment of a discriminatory assessment of such property." Mo. Rev. Stat. § 137.385; Mo. Rev. Stat. § 138.430(1). Additionally, the statute provides that, "[e]very owner of real property or tangible personal property shall have the right to appeal to the circuit court of the county in which the collector maintains his office from the decision of the local board of equalization…concerning all questions and disputes involving the exclusion or exemption of such property from assessment or from tax rolls pursuant to the Constitution of the United States or the constitution or laws of this state, or of the taxable situs of such property." Mo. Rev. Stat. § 138.430(3). Missouri provides for a plain and speedy remedy with all necessary judicial safeguards. This case falls squarely within the purposes of the Tax Injunction Act. Plaintiffs first count for §1983 violation of equal protection as to the tax assessment of Plaintiffs properties must therefore be dismissed**.**

**II.     Compliance with Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that the "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of rule 8 "does not require 'detailed factual allegations,'" but it demands more than unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, regarding a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)). Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence

to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald*, 457 U.S. 800 (1982)).

Defendants argue that the Plaintiffs have failed to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. (ECF Nos. 16, 19). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It is necessary that the complaint allows the Court and the opposing party to determine if a valid claim has been alleged so that the Defendant can be given "fair notice of what the…claim is and the grounds upon which it rests." *Twombly,* 550 U.S., at 555. Rule 10(b) requires that a party must state claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. The complaint should not be overly wordy or repetitive. It should be limited to the 'who, what, when and where' of the facts of plaintiff's claim or claims. *Smith v. Republic Services*, 2017 WL 147883 (E.D. Mo. 2018) aff'd, 739 Fed. Appx.362 (8th Cir. 2018).

A pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)(holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015). This does not however, completely excuse a pro se plaintiff from compliance with the rules of civil procedure. With these principals in mind the Court will evaluate Plaintiff's remaining claims.

   a. **Count II: Conspiracy under §1985(3)**

Defendants argue that the Plaintiffs have failed properly to assert a cause of action under §1985(3) for conspiracy to deprive a person of rights and privileges. In order to show a civil rights conspiracy under 42 U.S.C. §1985(3), the Plaintiffs must prove: (1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States. *See Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). A claim under §1985(3) requires proof of invidious discriminatory intent and a violation of a serious constitutional right that is protected from official and private encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993). The list of rights to which section 1985 applies is reserved to claims involving racial or class-based invidiously discriminatory animus. *Id.*

Plaintiffs allege that Defendants conspired against them to raise their property taxes. With regard to Plaintiffs' second count, Plaintiffs have plead no facts to support a claim that they have been conspired against because of their race or are members of a protected class. Therefore, Plaintiffs' §1985(3) claim is dismissed.

### b. Count V: §1983 Retaliation Claim

Section 1983 provides a vehicle for redressing claims of retaliation on the basis of the First Amendment. *Lewis v. Jacks*, 486 F.3d 1025, 1028-29 (8th Cir.2007). To state a claim for First Amendment retaliation, Plaintiffs must demonstrate that they (1) "engaged in a protected activity, (2) the government official took adverse action against [them] that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Powers v. City of Ferguson*, 229 F.Supp.

3d 894, 903 (citing *Greenman v. Jessen*, 787 F.3d 882, 891 (8th Cir. 2015)(quoting *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014)). "In retaliatory arrest cases, we have identified a fourth prong: lack of probable cause or arguable probable cause." *Id.*

In this case, the Plaintiffs bring their claim for § 1983 retaliation against St. Louis City. Plaintiffs allege that St. Louis City and its Departments and Agencies brought unsubstantiated and malicious criminal charges against Plaintiff Russo. (ECF No. 1, 79-80). Plaintiffs allege that Plaintiff Russo was charged with "operating lodging misdemeanor B without a license" under RSMo. § 315.045 from a report by an unidentified person in the Missouri Department of Health and Human Services. (ECF No. 1, 68-69). Plaintiffs do not adequately state a claim for retaliation under §1983. Plaintiffs do not identify a protected activity based on the First Amendment. Additionally, the Plaintiffs fail to plead that the alleged adverse action was motivated a protected activity. Plaintiffs merely state that criminal charges arose as a result of their challenge to their tax assessment but do so without pleading any facts to demonstrate a causal connection between the two. The Court will therefore dismiss Count V of Plaintiffs claim.

    c. **Count IV: Municipal Liability**

Plaintiffs raise claims for Municipal Liability under §1983. Specifically, Plaintiffs allege municipal liability against St. Louis City for failure to discipline, failure to train, and failure to supervise its employees, and for an unconstitutional custom, policy or practice. A municipality is liable under §1983 when the municipality itself violated a federal law or deprives a plaintiff of a constitutional right. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). "[L]ocal governments are responsible only for their own illegal acts. They are not vicariously liable under §1983 for their employee' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011)(internal citations omitted). Liability occurs when the "execution of a government policy or

custom…inflicts the injury [for which] that the government…is responsible under § 1983." *Monell*, at 694. There must be a causal connection between the municipality, the action, and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385. (1989).

To establish municipal liability under §1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the government entity. *Monell*, at 690-92 (1978). There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parris v. Luckie*, 963 F.2d 201,207 (8th Cir.1992)("A public entity or supervisory official may be held liable under §1983 even though no government individuals were personally liable.") Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish §1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007). Here, the Plaintiff has failed to identify either an unconstitutional custom, policy, or practice; or a facially lawful policy that was known to have unconstitutional consequences.

It should be noted that, "[w]hen a Complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). A plaintiff must only include "allegations, reference or language

from which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom." *Teague v. St. Charles Cty.*, 708 F. Supp. 2d 935, 940 (E.D. Mo. 2010)(citing *Crumpley Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)). Plaintiffs in this case claim that their Complaint as a whole, demonstrates Municipal liability. The Defendants argue that the Plaintiffs have failed to plead municipal liability and merely assert conclusory statements in support of their claim. The Court agrees. While the Plaintiffs must only provide information from which the Court could draw an inference that the alleged conduct arose from an unconstitutional policy or custom, the Plaintiffs have not done so here. Plaintiffs have failed to cite to any specific instances or policies to give rise to an inference of municipal involvement. Therefore, Count IV will be dismissed.

### III. Relatedness of Count III: §1983 Conspiracy to Deprive Due Process to Count I: §1983 Violation of Equal Protection

In Count III of their Complaint the Plaintiffs bring a §1983 claim for conspiracy against Defendant City of St. Louis Board of Equalization, John Does 1-4, and Freddie Dunlap. Under 42 U.S.C. § 1983 to plead a claim for conspiracy, Plaintiffs must allege, (1) that the defendant conspired with others to deprive them of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; (3) that the overt act injured Plaintiffs; and (4) Plaintiffs were deprived of a constitutional right or privilege. *Burton v. St. Louis Bd. Of Police Com'rs*, 731 F.3d 784, 798 (8th Cir. 2013)(quoting *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). Here, Plaintiffs allege that Freddie Dunlap through his role as St. Louis City Tax Assessor and through his position on the St. Louis Board of Equalization conspired with the Board of Equalization to deny Plaintiffs' Procedural Due Process by

preventing them, through threat of forcible removal, to be heard during the St. Louis City Board of Equalization hearing. (ECF No. 1, 62-66).

Defendants argue that the Plaintiffs' claims for conspiracy are barred by the intracorporate conspiracy doctrine. The Eighth Circuit, in addressing § 1985 conspiracy claims has held "'that a corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself,' and a local government cannot conspire with itself through its agents acting within the scope of their employment." *Powers v. City of Ferguson*, 229 F.Supp. 3d 894 (E.D. Mo. 2017)(quoting *LL Nelson Enterprises, Inc. v. City of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012)(citations omitted)). "[T]he Eighth Circuit has not addressed whether the doctrine applies to conspiracy claims brought under §1983." *Id.* Some courts in this district have concluded that it is inappropriate to apply the intracorporate conspiracy doctrine in determining a motion to dismiss in §1983 cases. *See Id; and see Golden v. Moutray* No. 4:17 CV 284 DDN, 2018 WL 1784395, at *4 (E.D. Mo. April 13, 2018); *see also, Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, No. 4:13 CV 1257 ERW, 2014 WL 46234, at *8 (E.D. Mo. Feb. 5, 2014), *aff'd in part, rev'd in part on other grounds and remanded*, 793 F.3d 822 (8th Cir. 2015). The Court therefore declines to do so in this case.

Review of Plaintiffs' claim raises concerns with the Court as it is inextricably linked to Plaintiffs' substantive claim in Count I of the Complaint. For the Court to review the alleged conspiracy the court will necessarily have to examine whether there has been an abuse of Plaintiffs' procedural due process. It would be an absurd result for this Court to examine the alleged denial of Plaintiffs' procedural due process when it arises from a substantive claim that the Court lacks subject matter jurisdiction over. As discussed above the Tax Injunction Act bars this Court from asserting subject matter jurisdiction over cases involving the assessment and

collection of taxes so long as there is a speedy and efficient remedy available to Plaintiffs at the state level. Plaintiffs claims that they were denied due process in the state review process are therefore most appropriately reviewed by a Missouri state court along with Plaintiffs' substantive claims. Count III will therefore be dismissed.

### IV. Supplemental Jurisdiction of State Law Claims

Plaintiffs bring additional claims based on state law in this case. District courts have "broad discretion to decline to exercise supplemental jurisdiction over state law claims after all claims over which the district court had original jurisdiction have been dismissed. *Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764 (8th Cir. 2016)(citing *Crest Constr. II, Inc. v Doe*, 660 F.3d 346, 359 (8th Cir. 2011); *see also*, 28 U.S.C. § 1367(c)(3). No federal causes of action remain before the Court in this case. This Court believes that a Missouri state court should resolve state claims involving Missouri residents; to do so would be more convenient and fair to the parties. Therefore, Counts VI -XI are hereby remanded.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss (ECF No. 15) and Defendant Grand Center Inc.'s Motion to Dismiss (ECF No. 18) are hereby **GRANTED** as to Counts I - V**.**

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims, Count VI-XI will hereby be REMANDED, accompanying order to issue.

Dated this 8th day of July 2019.

/s/ Jean C. Hamilton
  UNITED STATES DISTRICT JUDGE